```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT BLUEFIELD
```

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 1:00-00161-002

REGINALD HAIRSTON

## MEMORANDUM OPINION AND ORDER

In Bluefield, on March 19, 2007, came the defendant, Reginald Hairston, in person and by counsel, David C. Smith; came the United States by John L. File, Assistant United States Attorney; and came United States Probation Officer Brett S. Taylor, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on January 3, 2007, and the addendum dated February 7, 2007.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.  Whereupon the defendant did not contest the allegations contained in the petition and addendum.  Thereafter, the court found the charges were established by a preponderance of the evidence.

Having heard arguments of counsel, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was four to ten months.  The court further found that the Guideline ranges issued by the Sentencing

Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of thirty-six months for a violation of supervised release if the offense that resulted in the term of supervised release was a Class B felony.  However, because defendant was incarcerated for six months when his term of supervised release was revoked on an earlier occasion, the maximum term of imprisonment available to the court is thirty months.  Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

After giving counsel for both parties and defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and he is to be incarcerated for a term of eighteen (18) months with credit for time served.  The court recommended that defendant be incarcerated at FCI Butner so that he might receive mental health counseling and treatment.  Upon completion of his term of incarceration, the defendant will not be subject to any further supervision by the United States Probation Office.

The court also ordered defendant to pay the unpaid portion of the previously-imposed fine.  Defendant was ordered to pay any unpaid amount during his term of incarceration through participation in the Bureau of Prisons' Inmate Financial Responsibility Program in quarterly installments of no less than $25.00.

The court considered all of the findings in the case, and concluded that the sentence satisfied the statutory objectives of 18 U.S.C. § 3553, as well as the requirements of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), and <u>United States v. Hughes</u>, 396 F.3d 374 (4th Cir. 2005), and was necessary to protect the public, provide an adequate deterrent and reflect the seriousness of the violation committed by defendant.

The defendant was informed of his right to appeal the court's findings and the revocation of his supervised release. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within ten (10) days.  The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him.  The defendant was further advised that if he so requests, the Clerk of court will prepare and file a notice of appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United

States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 21st day of March, 2007.

ENTER:

*David A. Faber*
David A. Faber
Chief Judge